[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR TEMPORARY INJUNCTION
 STATEMENT OF THE CASE
In October of 2000, the defendant sold all of the stock in Built in America, Inc. to Marc Costa. The transaction was accomplished by the execution of a Purchase and Sale Agreement and a Restrictive Covenant. This latter document contained a non-compete clause.
The parties also agreed upon an employment contract, in which the defendant was employed by the plaintiff for an initial period of two years.
In April 2000, the plaintiff terminated the defendant's employment, whereupon the defendant went back into business in direct competition with the plaintiff.
The plaintiff seeks to enjoin the defendant from the alleged violation of the non-compete clause. The defendant does not deny he is engaged in a competitive business but argues that the restrictive covenant, including the non-compete clause, is void. His argument is that the plaintiff breached the employment agreement by terminating the defendant's employment and so he is freed from the restrictions contained in the restrictive covenant.
 DISCUSSION I
The defendant has framed the issue in these terms: ".. . the CT Page 14021 consideration essential to the restrictive covenant was the employment of Mr. Morris by the plaintiff." (Brief, page 6).
The plaintiff takes the position that the termination is not relevant and even if it were, the termination was justified.
The court is therefore not evaluating the covenant in this proceeding and finds it is reasonable and enforceable.
As the plaintiff notes in its brief, there is case law in Connecticut which addresses this issue and the termination has been found not to invalidate a non-compete clause. Robert S. Weiss Associates, Inc. v.Wiederlight, 208 Conn. 525, 532 (1988).
 II
Turning to the issue of whether there was cause for the termination, the court concludes that the plaintiffs action was justified. In fact, the defendant's behavior was so outrageous that one is led to believe he was inviting his discharge.
The involvement of the state police could not have been intended to create harmony between employer and employee.
Of significance are the memos and notes in which the defendant hardly conducts himself as an employee. Accusing his employer of theft (Exhibit I) is a glaring example of his attitude and behavior.
The court concludes that the plaintiffs termination of the defendant's employment was justified.
 CONCLUSION
The court concludes that the plaintiff has shown it will be irreparably harmed by the defendant's continued activity in violation of the restrictive covenant and there is a likelihood of success by the plaintiff on the merits.
The application for a temporary injunction is granted.
By the Court,
Anthony DeMayo, J.T.R.